UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FREES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-307 |
| ) | (Jordan/Shirley) |
| PHIL MCMILLIAN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 28] of the Honorable Leon Jordan, United States District Judge, for disposition of the Motion to Compel Further Discovery from Southeast [Doc. 26] filed by Frees, Inc. ("Frees"). The undersigned held a hearing on this motion on February 20, 2007. Participating by telehpone on behalf of the plaintiff Frees, Inc. ("Frees") was attorney Stephen Doody. Participating by telephone on behalf of the defendant Phil McMillian was attorney Alan Stroud. Participating on behalf of the non-party Southeast Business Solutions, Inc. ("Southeast") was attorney Brent Watson. For the following reasons, and only to the extent stated herein, Frees's Motion to Compel Further Discovery from Southeast [Doc. 26] is **GRANTED**.

This matter arises from a suit pending in the United States District Court for the Western District of Louisiana. The plaintiff Frees has brought this action against its former employee, Phil McMillian, alleging that McMillian improperly accessed Frees's computer data for the purpose of providing that data to McMillian's current employer, Southeast, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) ("CFAA").

This matter originally came before the Court upon Southeast's motion seeking to quash a subpoena issued to it by Frees. In order to limit the scope of the subpoena, and in the interest of protecting Southeast's confidential information, the Court ordered that the discovery sought by Frees should be conducted in a tiered fashion, whereby in the first tier Southeast would be required to produce documents and computer files with respect to two specifically identified projects. Thereafter, Frees, in order to progress to the second tier of discovery, would be required to show the Court that the results of the first tier of discovery entitled it to seek additional documents and computer files related to other projects. [Doc. 15]. Southeast objected to the undersigned's ruling and appealed to District Judge Leon Jordan. Judge Jordan overruled Southeast's objections to the undersigned's Order on October 27, 2006. [Doc. 24]. On November 30, 2006, the parties had a conference call with the undersigned regarding the fact that Southeast had produced only paper copies of these materials. Southeast was instructed at that time to also produce the actual computer files by December 5, 2006. [Doc. 25]. Subsequently, Southeast produced the computer files as ordered.

The plaintiff Frees now returns to the Court to seek the second tier of discovery from non-party Southeast. For grounds, Frees submits numerous examples [Doc. 27 Exs. A-E] of documents and computer files that were obtained during the first tier of discovery, and argues that this evidence justifies further discovery from Southeast. Specifically, Frees argues that the examples attached demonstrate that certain Southeast drawings, details, and specifications are virtually identical to those from Frees's computer data files and are therefore compelling evidence that these files were copied from Frees's files. Accordingly, Frees requests additional discovery from Southeast, including (1) documents and computer files related to fourteen other fiberglass ventilation

2

projects performed by Southeast; (2) identification of all computers and electronic storage devices that Southeast and its employees have used in conjunction with Southeast's business since 2003 to the present; (3) forensic imaging of all of Southeast's computers and other electronic storage devices it and its employees use in conjunction with Southeast's business to be deposited in escrow with the Court; and (4) a forensic examination of the imaged computers by Frees's computer forensic expert. [Doc. 27].

Southeast opposes Frees's motion, arguing that Frees has not identified any meta-data which would show that Southeast's drawings originated with Frees and further has not shown any similarities between Frees's drawings and Southeast's drawings for the specific jobs chosen by Frees. In support of its argument, Southeast submits the affidavit of Tony Pierceall, a former employee of Frees and a current employee of Southeast, who denies that the drawings, details, and specifications referenced came from McMillian and further states that the similar details in the drawings cited by Frees came from a collection of details which Pierceall has kept during his career in the HVAC industry. Pierceall further states that the cited details are generic, not proprietary, and are used as "tools of the trade." Southeast contends, as does Pierceall, that Pierceall is in fact the source of these details, and that there is no evidence that McMillian took any of this information from Frees's computers. [Doc. 29].

The Court has reviewed the exhibits submitted by Frees and finds that there are striking similarities between Southeast's CAD files, drawings, details, and specifications and Frees's CAD files, drawings, details, and specifications regarding the same matter. In some instances, the drawings are virtually identical, as are the written descriptions and locations of many of the details.

3

The Court further notes that Southeast's files contain not only the same wording but also the same misspellings and errors that are contained in Frees's files.

Southeast's argument that the similar details in the drawings cited by Frees are not proprietary or trade secret information is of no moment. In order to establish a civil action under the CFAA, a plaintiff must show that the defendant "(i) 'knowingly and with intent to defraud,' (ii) accessed a 'protected computer,' (iii) 'without authorization,' and as a result (iv) has furthered the intended fraudulent conduct and obtained 'anything of value.'" Pacific Aerospace & Electronics, Inc. v. Taylor, 295 F. Supp. 2d 1188, 1995 (E.D. Wash. 2003) (quoting 18 U.S.C. § 1030(a)(4)). The scope of the CFAA includes "civil claims challenging the *unauthorized removal* of information or programs from a company's computer database." Pacific Aerospace, 295 F. Supp. 2d at 1196 (emphasis added); see also Shurguard Storage Centers, Inc. v. Safeguard Self Storage, Inc., 119 F. Supp. 2d 1121 (W.D. Wash. 2000). By its plain language, the CFAA does not require that the information obtained be proprietary or otherwise privileged; rather, the focus of the Act appears to be whether the information was "anything of value" and was removed without authorization. Accordingly, the fact that the information allegedly taken may not have been proprietary does not change the Court's analysis.

While Pierceall provides a plausible explanation regarding the source of the cited details in Southeast's files and drawings, such an explanation does not foreclose all discovery on this issue. Frees has produced evidence – namely, the similarities in the details of the parties' computer files and drawings – that tends to prove that Southeast's computer files and drawings likely originated from the same source as Frees's computer files and drawings. While this evidence is certainly not conclusive on the issue of whether *McMillian* violated the CFAA, it is probative and

4

relevant to such claim, and it is at least likely to lead to the discovery of admissible evidence on this issue. And it is only relevancy, not the ultimate question of liability under the CFAA, which is before the Court today.

Accordingly, for the reasons stated herein, the Court finds that Frees is entitled to additional discovery from Southeast. However, because the first tier of discovery does not appear to have produced the magnitude of similarities and evidence alleged or expected by Frees; because Frees's discovery request is still seemingly overbroad; and because these parties are competitors and currently competing on several jobs, the second tier will be limited. Accordingly, Southeast is hereby **ORDERED** to produce all documents and computer files, including designs, design criteria, design parameters, calculations, formulas, data, work sheets, drawings, schedules, spread sheets, plans, specifications, plant layouts, survey materials, computer programs, software, computer or data entries, engineering analysis, or reports, related only to the following projects: (1) Cobalt Boats; (2) Sea Pro Boats; (3) Chris-Craft; and (4) Amerimax.[1] Southeast shall produce these documents and computer files by **March 6, 2007**. In order to protect against the disclosure of any proprietary information, Southeast shall not be required to produce at this time any financial records, including any cost estimates, billings, or price quotations, nor shall Southeast be required to produce the names of any of its suppliers for these particular projects.

---

[1] These four projects are all projects involving fiberglass ventilation, ventilation, and/or dust control in which the Court understands that both Southeast and Frees competed for the bid and submitted drawings. It is thus anticipated that a comparative analysis of the drawings submitted by Southeast and those by Frees will be relevant to this substantive issue and the results of the comparative analysis will be relevant to the issue of the conducting of further discovery.

With respect to Frees's request for a forensic examination of Southeast's computers, the parties agree that Southeast will make a forensic image of its computer servers and desktops by **March 6, 2007**. Frees has agreed to pay for the cost of the forensic imaging. Southeast shall retain these forensic images until such time as the Court requires their production. Because these images are intended to serve as a potential "baseline" for further discovery, the forensic images should be kept secure and separate from Southeast's employees and should not be used or modified once they are completed, until further Order of this Court.

**IT IS SO ORDERED.**

**ENTER:**

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge